UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
DAVID NOWAK, et ano.,               :
                                    :
            Plaintiffs,             :     09 Civ. 5103 (WHP)
                                    :
       -against-                    :     MEMORANDUM & ORDER
                                    :
INTERNATIONAL FUND SERVICES         :
(N.A.), L.L.C.,                     :
                                    :
            Defendant.              :
                                    :
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs David Nowak and Rita Davis (collectively, "Plaintiffs") brought this action in New York State Supreme Court (New York County) alleging breach of contract, unjust enrichment, and State labor law violations. Defendant International Fund Services (N.A.) L.L.C. ("IFS") removed the case to this Court. Plaintiffs move for remand. Their motion is granted.

## BACKGROUND

        Plaintiffs are former officers of IFS who were terminated involuntarily as part of a reduction in force. (Complaint dated Apr. 29, 2009 ("Compl.") ¶ 2.) After their termination, IFS offered severance payments to Plaintiffs. However, Plaintiffs contend that IFS had previously entered into severance agreements with each of them that were more generous than the terms offered with the February 2009 reduction in force. (Compl. ¶ 10.) Plaintiffs now seek to enforce their earlier severance agreements.

In November 2005, Plaintiffs each received a memorandum from IFS management, which provided, inter alia, that "should [Plaintiffs] be terminated for any reason other than cause, [Plaintiffs] would be entitled to four (4) weeks salary for each year of completed service with the firm," and that "[t]he firm will pay for [Plaintiffs'] medical and dental COBRA for the duration of [Plaintiffs'] severance period." (Severance Memorandum dated Nov. 30, 2005 ("Severance Memo").) The Severance Memo also referred to the "attached Separation of Employment policy of IFS." The Separation of Employment Policy (the "Policy") provides, inter alia, that "[i]n certain cases of involuntary terminations" employees will be eligible for severance pay; in those cases, officers are eligible for four weeks pay for each year of service; and employees receiving severance "may be eligible to receive continuation of medical and dental benefits provided by the firm at the discretion of management." (Policy at 2.) The Policy further states that employees are eligible for severance when terminated due to: (1) "a reduction in staff or layoff," (2) "a regular replacement being hired and the original or comparable position is no longer available," or (3) "an HR determination concludes that an employee's work performance is the result of factors that may be beyond the employees' control." (Policy at 2.)

## DISCUSSION

A defendant may remove "[a]ny civil action of which the district courts have original jurisdiction found on a claim or right arising under the constitution, treaties or laws of the United States. . . ." 28 U.S.C. § 1441(a). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of the removal." Cal. Pub. Employee's Ret. Sys. v.

WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (quoting Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 151 (2d Cir. 1994)).

Federal courts have original jurisdiction to hear claims based on an unfunded program to pay severance benefits if that program constitutes an "employee welfare benefit plan" under ERISA. See Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 566-67 (2d Cir. 1998). Whether a severance program constitutes an "employee welfare benefit plan" pursuant to ERISA depends upon whether that program "requires an ongoing administrative program to meet the employer's obligation." Fort Halifax Packaging Co. v. Coyne, 482 U.S. 1, 11 (1987). The Court of Appeals has stressed that "[a] program that simply pays 'a one-time lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation' and is not a 'plan' under ERISA." Kaskow v. New Rochelle Radiology, 274 F.3d 706, 736 (2d Cir. 2001) (quoting Fort Halifax, 482 U.S. at 12).

A plan under ERISA may exist:

> (1) where an employer's undertaking required managerial discretion, that is, where the undertaking could not be fulfilled without ongoing, particularized, administrative analysis of each case; (2) where a reasonable employee would perceive an ongoing commitment by the employer to provide some employee benefits; (3) where the employer was required to analyze the circumstances of each employee's termination separately in light of certain criteria.

Kaskow, 274 F.3d at 737 (quoting Schonholz v. Long Island Jewish Med. Ctr., 87 F.3d 72, 76 (2d Cir. 1996)). Each case should be decided on its own facts and there is no hard or fast rule that "one or more of these factors will be determinative in every case." Tischmann, 145 F.3d at 566. Courts are also not precluded from finding that "other factors might be relevant in different factual settings." Tischmann, 145 F.3d at 566. As explained below, none of these factors weighs in favor of finding an employee benefit plan in this case.

-3-

First, the undertakings with Plaintiffs did not require any ongoing administrative scheme. Although the amount of severance for each of the two Plaintiffs could differ based on a difference in their base salaries, IFS did not have discretion in the amount of benefits, and only needed to perform simple arithmetic calculations to ascertain those amounts. See Guccione v. Bell, No. 06 Civ. 492 (SHS), 2006 WL 2032641, at *3 (S.D.N.Y. July 20, 2006); see also Friedensohn v. Prodigy Servs. Corp., No. 97 Civ. 3571 (KMW), 1998 WL 426793, at *4 (S.D.N.Y. July 27, 1998) ("[A]lthough payments under the severance arrangement offered by [defendant] might need to be calculated individually for each employee, such simple arithmetic calculations are not the sort requiring managerial discretion necessitating the creation of an administrative scheme."). Indeed, while payment could continue for almost two years, "there does not appear to be anything discretionary about the timing, form or amount of the payments." Fludgate v. Mgmt. Techs., Inc., 885 F. Supp. 645, 648 (S.D.N.Y. 1995); see also James v. Fleet/Norstar Fin. Group, Inc., 992 F.2d 463, 467 (2d Cir. 1993) (severance plan not covered by ERISA when "the nature of the payments did not require an ongoing administrative employer program to effectuate them").

Second, no reasonable employee could conclude that IFS was making an "ongoing commitment" to provide benefits when it entered into these individualized agreements. IFS had no ongoing responsibilities under the agreements other than sending checks and Plaintiffs had no obligations to IFS. See Sheer v. Israel Discount Bank of N.Y., No. 06 Civ. 4995 (PAC), 2007 WL 700822, at *1 (S.D.N.Y. Mar. 7, 2007); see also Lamantia v. Keyspan Energy, No. 05 Civ. 3300 (DLI), 2007 WL 2816188, at *5 (E.D.N.Y. Sept. 26, 2007) (noting that in Tischmann the employee receiving severance was required "to be available" to render

-4-

services to the company under "reasonable circumstances," and concluding that no ERISA plan existed where there was no "ongoing commitment" such as this).

Moreover, IFS's attempt to convert the Severance Memo into a benefit plan under the Policy is also insufficient. While the Severance Memo refers to the Policy, it differs substantially. The Policy limits severance to a few narrow, enumerated circumstances and makes continued health and dental benefits discretionary. In contrast, the Severance Memo guarantees severance and COBRA fees for any involuntary termination that is not "for cause." Given these substantial differences, no reasonable employee could conclude that the Severance Memo was anything other than a specific and defined commitment between the company and two key officers. See Taverna v. Credit Suisse First Boston (USA), Inc., No. 02 Civ. 5240 (DC), 2003 WL 255250, at *3 (S.D.N.Y. Feb. 4, 2003) (finding no "ongoing commitment" where letter agreement provided for one month's salary for each year worked and payment of certain medical benefits).

Third, the only management discretion contemplated in the Severance Memo is whether Plaintiffs were dismissed "for cause." That "minimum quantum of discretion" to determine whether dismissal was "for cause" is insufficient to catapult a severance agreement into an ERISA plan. See, e.g., Taverna, 2003 WL 255250, at *3 (determination of whether employee was performing in a satisfactory manner is not sufficient); see also Rodowicz v. Massachusetts Mut. Life Ins. Co., 192 F.3d 162, 171-72 (1st Cir. 1999) (plan only limited by dismissal "for cause" not sufficient to bring it within ERISA); Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1316 (9th Cir. 1997) (same).

In this case, Defendants have failed to show that the severance program at issue constitutes an employee welfare benefit plan. It was not the intent of ERISA to protect employment agreements of the type at issue in this action. See Fludgate, 885 F. Supp. at 649. Any obligations IFS may have with respect to Plaintiffs are contractual in nature, governed by the terms of their employment agreements. Accordingly, this Court lacks subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for remand is granted. This case will be remanded to New York State Supreme Court (New York County). The Clerk of Court is directed to terminate all pending motions and mark this case closed.

Dated: August 7, 2009
      New York, New York

                                      SO ORDERED:

                                      WILLIAM H. PAULEY III
                                      U.S.D.J.

*Counsel of Record:*
Aaron Mark Zeisler, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
*Counsel for Plaintiffs*

Emily Schulman, Esq.
Wilmer, Cutler & Pickering LLP
399 Park Avenue, 31st Floor
New York, NY 10022
*Counsel for Defendant*